IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLEY R. MANDOLINI<br><br>    Plaintiff,<br><br>v.<br><br>ARSTRAT, LLC,<br><br>    Defendant. | Case No. 1:19-cv-06106 |

## COMPLAINT

NOW COMES Plaintiff, KELLEY R. MANDOLINI, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, ARSTRAT, LLC, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      KELLEY R. MANDOLINI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Bolingbrook, Illinois.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      ARSTRAT, LLC ("Defendant") is a foreign limited liability company with its principal place of business located in Houston, Texas.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On June 15, 2017 and May 23, 2018, Quest Diagnostics rendered medical services to Plaintiff.

11. These services generated certain bills.

12. Those bills, once unpaid, were turned over to Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("AMCA").

13. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5) as they relate to an obligation or alleged obligation to pay money arising out of a transaction in which the medical services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. On May 6, 2019, AMCA sent Plaintiff a dunning letter (the "May 6, 2019 Letter") stating:

> Our records show you have failed to comply with numerous prior requests for payment on this account with our client, **Quest Diagnostics Incorporated**, for **$273.78**. Our client has authorized us to seek payment of this outstanding debt and it is our job to do so.
>
> Take this opportunity to resolve your account by sending **$273.78**.
>
> Your charges are as follows:

| Date of Service | Account Number | Balance |
|---|---|---|
| 05/23/2018 | WDC 5935468020 | $73.78 |
| 06/15/2017 | WDC 5099165413 | $200.00 |

15. On May 31, 2019, Plaintiff made payment of $20.00 to AMCA.

16. On June 6, 2019, AMCA informed Plaintiff that on March 20, 2019, the company received notice of a possible security compromise of their web payments page from an independent third-party compliance firm that works with credit card companies. Specifically, an unauthorized user had access to AMCA's system between August 1, 2018 and March 30, 2019. AMCA could not rule out the possibility that the personal information on their system was at risk during the attack.

17. On June 17, 2019, Retrieval-Masters Creditors Bureau Inc. filed for Chapter 11 protection.

18. Thereafter, Quest Diagnostics referred Plaintiff's medical accounts to Defendant for collection.

19. On July 25, 2019, Defendant sent Plaintiff two (2) dunning letters (the "July 25, 2019 Letters") stating:

> The account(s) listed below have been referred to us for collection. The balance shown is the amount our client indicates is due by you in full for service(s) provided. To resolve this matter, you may send payment in full or contact our office for assistance.

| Patient Name | Creditor | Account # | Service Date | Balance Due |
|---|---|---|---|---|
| MANDOLINI, K | Quest Diagnostics | 5099165413 | 06-15-2017 | $200.00 |

| Patient Name | Creditor | Account # | Service Date | Balance Due |
|---|---|---|---|---|
| MANDOLINI, K | Quest Diagnostics | 5935468020 | 05-23-2018 | $73.78 |

20. Nowhere did the July 25, 2019 Letters reflect Plaintiff's May 31, 2019 $20.00 payment to AMCA.

3

21. Accordingly, on August 21, 2019, Plaintiff requested – *in writing* – verification of both medical accounts.

22. Defendant's July 25, 2019 Letters caused Plaintiff anxiety/mental anguish as Plaintiff's May 31, 2019 payment of $20.00 seemingly vanished.

23. Defendant's July 25, 2019 Letters caused Plaintiff to believe that future payments won't be credited to Plaintiff's account(s).

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

25. Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) the false representation of –

        (A) the character, amount, or legal status of any debt.

    (10)

15 U.S.C. § 1692e(2)(A) and e(10)

26. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A). *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2012); *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 2010 WL 2490734, at *3 (11th Cir. 2010).

27. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by falsely representing that Plaintiff owed $200.00 and $73.78 respectively, when in fact, she did not and owed $20.00 less as result of Plaintiff's May 31, 2019 $20.00 payment.

28. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. an award of any actual damages sustained by Plaintiff;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 11, 2019

Respectfully submitted,

**KELLEY R. MANDOLINI**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com